Receipt number AUSFCC-11403046

**THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| David Herzog,<br>A J Real Estate LLC,<br>A&J Development LLC,<br>Acheson Real Properties Ltd.,<br>Mary K. Bartine,<br>Aaron Brody,<br>Emmet L Brody & Becky S Brody Revocable Living Trust,<br>Flowers Management LLC,<br>Hunter & Bridget Lane,<br>MD5 Urbandale LLC,<br>Lindsey J. Meder-Cowherd,<br>Valley Square Owners Association,<br><br>Plaintiffs,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. **26-1141 L** |

**COMPLAINT**

**(JURISDICTION)**

1. This Court has jurisdiction pursuant to 28 U.S.C. §1491(a)(1) ("Tucker Act") because this action presents a claim against the United States which is founded upon the Constitution and Statutes of the United States.

2. Plaintiffs' claims are based upon 1) the Fifth Amendment to the United States Constitution prohibiting the taking of private property for public use, without just compensation; 2) The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"); 3) The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act"); and 4) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000).

**COUNT I**

**(TAKINGS CLAIM)**

3. The Norfolk Southern Railway Company ("NSR") held an easement for railroad purposes, extending from approximate milepost DU 340.8 +/- to milepost DU 353.0 +/-, together with the 0.8 mile Clive Spur, approximately 12.2 miles in total, all in Polk County, Iowa (the "Railroad Line").

4. The easement lay across property owned by Plaintiffs.

5. Upon abandonment of the easement and/or authorization of use beyond the scope of the easement, Plaintiffs' property would have been unburdened by any easement.

6. Plaintiff David Herzog owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff David Herzog is located in Polk County, Iowa and includes parcel number 2001993000000, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

7. Plaintiff A J Real Estate LLC owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff A J Real Estate LLC is located in Polk County, Iowa and includes parcel numbers 29100452506001and 29100452507000, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

8. Plaintiff A&J Development LLC owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff A&J Development LLC is located in Polk County, Iowa and includes parcel number 29100810004000, and, upon information

and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

9. Plaintiff Acheson Real Properties Ltd. owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff Acheson Real Properties Ltd. is located in Polk County, Iowa and includes parcel number 29100115002000, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

10. Plaintiff Mary K. Bartine owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff Mary K. Bartine is located in Polk County, Iowa and includes parcel number 9006117001000, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

11. Plaintiff Aaron Brody owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff Aaron Brody is located in Polk County, Iowa and includes parcel numbers 32000884001004 and 32000884001005, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

12. Plaintiff Emmet L Brody & Becky S Brody Revocable Living Trust owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff Emmet L Brody & Becky S Brody Revocable Living Trust is located in Polk County, Iowa and includes parcel numbers 32000883001000 and 32000884001006, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

13. Plaintiff Flowers Management LLC owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff Flowers Management LLC is located in Polk County, Iowa and includes parcel number 31201042505003, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

14. Plaintiffs Hunter and Bridget Lane owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiffs Hunter and Bridget Lane is located in Polk County, Iowa and includes parcel numbers 09004171007000 and 9004172004000, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

15. Plaintiff MD5 Urbandale LLC owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff MD5 Urbandale LLC is located in Polk County, Iowa and includes parcel number 31201042502001, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

16. Plaintiff Lindsey J. Meder-Cowherd owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff Lindsey J. Meder-Cowherd is located in Polk County, Iowa and includes parcel number 09004361000000, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

17. Plaintiff Valley Square Owners Association owned land adjacent to the Railroad Line on the date of the taking, July 31, 2026. The property owned by Plaintiff Valley Square

Owners Association is located in Polk County, Iowa and includes parcel number 32004882500000, and, upon information and belief, includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

18. On July 31, 2026, the United States Surface Transportation Board ("STB") issued a Notice of Interim Trail use ("NITU") relating to the Railroad Line

19. But for operation of the Trails Act, Plaintiffs would have the exclusive right to physical ownership, possession, and use of their property free of any easement for recreational trail use or future railroad use.

20. By operation of the Trails Act, the United States took the Plaintiffs' property which it is Constitutionally obligated to pay just compensation.

21. Plaintiffs owned the aforementioned property on the date of the taking, July 31, 2026, and are therefore proper claimants for compensation.

22. Plaintiffs' property includes but is not limited to the fee title to the property underlying the former railroad easement.

23. The United States' actions damaged Plaintiffs by taking a portion of Plaintiffs' property and by diminishing the value of the remaining property and by attenuating delay damages based upon the delayed payment of compensation.

**COUNT II**

**(URA CLAIM)**

24. The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000) (URA), states that when claims brought against the United States are adjudicated or settled for the plaintiff, awarding compensation for the taking of property the

award or settlement shall include a sum sufficient to "reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding."

25. Plaintiffs incurred and will continue to incur costs, disbursement, and expenses reimbursable under the URA.

WHEREFORE, Plaintiffs respectfully request a monetary judgment in their favor representing the full fair market value of the property taken by the United States on the date it was taken, including severance damages, delay damages, interest, costs and attorneys' fees incurred by Plaintiffs and for such further relief as this Court may deem just and proper.

Date: August 7, 2026

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, LLC

By /s/ J. Robert Sears
J. Robert Sears
100 S. 4th Street, Suite 900
St. Louis, MO 63102
(314) 345-5000
(314) 345-5055 (facsimile)
sears@bakersterchi.com

ATTORNEYS FOR PLAINTIFFS